IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs February 10, 2004

## STATE OF TENNESSEE v. PERRY SINGO

**Direct Appeal from the Circuit Court for Dickson County**
**No. CR-4574     Allen W. Wallace, Judge**

———————

**No. M2003-01230-CCA-R3-CD - Filed February 24, 2004**

———————

A jury convicted the defendant of four counts of child rape and four counts of aggravated sexual battery. The trial court sentenced the defendant to twenty-five years on each of the child rape convictions and twelve years on each of the aggravated sexual battery convictions, with two of the child rape sentences to run consecutively and all other sentences to run concurrently, for an effective sentence of fifty years. On direct appeal, this Court reversed and dismissed three of the convictions for child rape. We remanded the case for a determination of whether the remaining sentences should run consecutively. Following a re-sentencing hearing, the trial court ordered two of the aggravated sexual battery sentences and the child rape sentence to run consecutively, for an effective sentence of forty-nine years. The defendant contends on appeal that the trail court erred in ordering consecutive sentencing. We conclude that the record supports the grounds for consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(5), and the sentence is "justly deserved in relation to the seriousness of the offenses" and is "no greater than that deserved for the offenses committed."

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

JOHN EVERETT WILLIAMS, J., delivered the opinion of the court, in which JOE G. RILEY and ROBERT W. WEDEMEYER, JJ., joined.

William B. (Jake) Lockert, III, District Public Defender, for the appellant, Perry Singo.

Paul G. Summers, Attorney General and Reporter; Michael Markham, Assistant Attorney General; Dan Mitchum Alsobrooks, District Attorney General; and Suzanne M. Lockert, Assistant District Attorney General, for the appellee, State of Tennessee.

## OPINION

On March 16, 2000, a jury convicted the defendant, Perry Singo, of four counts of child rape, a Class A felony, and four counts of aggravated sexual battery, a Class B felony. The trial court

sentenced the defendant to twenty-five years on each of the child rape convictions and twelve years on each of the aggravated sexual battery convictions, with two of the child rape sentences to run consecutively and all other sentences to run concurrently, for an effective sentence of fifty years. After the defendant's initial appeal, this Court reversed three of the child rape convictions and remanded for a determination of whether the remaining sentences should run consecutively. State v. Perry Singo, No. M2001-00919-CCA-R3-CD, 2002 Tenn. Crim. App. LEXIS 677 (Tenn. Crim. App. at Nashville, Aug. 9, 2002). Following a re-sentencing hearing, the trial court ordered two of the aggravated sexual battery sentences and the child rape sentence to run consecutively, for an effective sentence of forty-nine years. The defendant timely filed his notice of appeal. He contends on appeal that the trial court erred in ordering consecutive sentencing. We affirm the judgments of the trial court.

## Facts

The factual account contained herein is taken from this Court's opinion in the defendant's initial appeal. Perry Singo, 2002 Tenn. Crim. App. LEXIS 677, at * 2-9.[1] During October of 1998, the defendant, his girlfriend Tina Bosarge, their infant daughter, and Bosarge's six-year-old daughter moved to Tennessee. On December 11, 1998, local police and the Department of Children's Services investigated a complaint about possible sexual abuse in the defendant's home. During an interview, the defendant admitted that he had sexual contact with Bosarge's six-year-old daughter. The defendant "said that he got oral sex from [the victim], that he would rub his penis on her and he would ejaculate on her." During the defendant's trial, several letters that he had written to Bosarge were entered into evidence. In one of the letters, the defendant made the following statements: "When we get the kids back, I will show you everything [the victim] and I did. You can watch all you want. You can even join in if you want, okay? . . . With [the victim], I just love her. I make love to you. I have sex with her. See the difference?" The defendant wrote the following in another letter:

> Even with [the victim], I feel that I love you more than her. Yes, I love to j__k off on her. Yes, I love to eat her p___y. Yes, I love to stick my d__k in her mouth. Yes, I even love to stick my d__k just as far up in her p___y as I can. . . . I don't care if I'm banging the hell out of [the victim] and c_m all in or over her five times in one day, that didn't mean I don't love you . . . You agree you would want [the victim] in bed with us sleeping and having sex with us, . . . You gave [the victim] to me to be my second wife. . . . Teach her and have fun with her. I'm going to. How else is she going to learn? . . . When I c_m on her, I c_m on you.

---

[1]The defendant repeatedly cites to the trial transcript throughout his brief. However, the record on appeal consists only of the technical record and the sentencing hearing transcript. It is the duty of the accused to provide a record which conveys a fair, accurate, and complete account of what transpired with regard to the issues which form the basis of the appeal. Tenn. R. App. P. 24(b); see State v. Taylor, 992 S.W.2d 941, 944 (1999). In the absence of an adequate record on appeal, this Court must presume that the trial court's rulings were supported by sufficient evidence. Vermilye v. State, 584 S.W.2d 226, 230 (Tenn. Crim. App. 1979).

One of the investigating officers read aloud from notes which the officer said were in the defendant's handwriting. In the notes written by the defendant, he made the following remarks:

> Eating a six-year-old has its bad and good . . . Every time I eat [the victim], she c_ms, then that's when I want to f__k, c_m all over that p___y. Now if I get her in a 69'er, then there's c_m all over her face and in her mouth. [The victim] is good to c_m on all the time.
>
> Sometimes it is hard to get intimate with a six-year-old, but I do it. [The victim] is hard to get started sometimes, but she comes around. If I get her stoned enough, she will suck me off with no problems. Then there's times I have to c_m on her or her p___y. I've been trying to f__k her _ss, but she is too small.

The victim, who was seven years old at the time, testified at trial that she was scared of the defendant. After being asked to state some of the things the defendant did to her, she responded, "F__k" and "blow job." She indicated that she would take her clothes off and they would "f__k." She said that the defendant would use his "d__k" and that she would see "c_m" come out of his penis. She did not testify as to how many times or when this occurred. The jury found the defendant guilty of four counts of child rape and four counts of aggravated sexual battery. Although this Court concluded that the defendant "repeatedly committed heinous sexual offenses against the victim," the proof established that only one act of child rape occurred in Tennessee. Accordingly, the other three convictions for child rape were reversed and dismissed. All of the other convictions were affirmed.

**Analysis**

The defendant contends that the trial court erroneously imposed consecutive sentences. When a defendant appeals the length of a sentence imposed by the trial court, this Court conducts a *de novo* review of the record with a presumption that the trial court's determinations are correct. Tenn. Code Ann. § 40-35-401(d). The presumption of correctness is "conditioned upon the affirmative showing in the record that the trial court considered the sentencing principles and all relevant facts and circumstances." State v. Ashby, 823 S.W.2d 166, 169 (Tenn. 1991). The burden of showing that the sentence is improper is upon the appealing party. Tenn. Code Ann. § 40-35-401(d), Sentencing Commission Comments. However, if the record shows that the trial court failed to consider the sentencing principles and all relevant facts and circumstances, then our review of the sentence is purely *de novo*. Ashby, 823 S.W.2d at 169. The defendant argues that "there were no statutory or case law factors to justify consecutive sentencing." Although we agree that the trial court should have been more explicit with its findings, the record supports the trial court's imposition of consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(5). The applicable section states:

> The court may order sentences to run consecutively if . . . [t]he defendant is convicted of two (2) or more statutory offenses involving sexual abuse of a minor with consideration of the aggravating circumstances arising from the relationship between the defendant and victim or victims, the time span of defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim or victims.

Tenn. Code Ann. § 40-35-115(b)(5).

The record establishes that the defendant was convicted of five statutory offenses involving sexual abuse of a minor, including one count of child rape and four counts of aggravated sexual battery. The defendant was the live-in boyfriend of the victim's mother. Obviously, the sexual abuse arose out of the defendant's close relationship with the victim. An exhibit contained within the technical record indicates that the defendant stated in a interview that the first sexual encounter with the victim occurred on September 4, 1997. The offenses committed in the present case occurred in November and December 1998. In the defendant's initial appeal, this Court concluded that the defendant "repeatedly committed heinous sexual offenses against the victim." It appears that the abuse was ongoing for a period of at least one year, and the defendant planned to continue the abuse if he was released from prison. The trial testimony and the letters written by the defendant graphically describe the nature and scope of the multiple and perverse sexual acts with the victim. While there is no specific evidence contained in the record before us of physical and mental damage, the other aggravating circumstances adequately support consecutive sentencing in this case.

After our review of the sentencing principles and all relevant facts and circumstances, we conclude that the record supports the grounds for consecutive sentencing under Tennessee Code Annotated section 40-35-115(b)(5). Furthermore, the sentence is "justly deserved in relation to the seriousness of the offenses" and is "no greater than that deserved for the offenses committed." Id. §§ 40-35-102(1), -103(2); see also State v. Lane, 3 S.W.3d 456, 460 (Tenn. 1999). This issue is without merit.

**Conclusion**

Based on the foregoing and the record as a whole, the judgments of the trial court are affirmed.

_____
JOHN EVERETT WILLIAMS, JUDGE